UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, THE TILE LAYERS LOCAL UNION 52 PENSION FUND, and TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br><br>Plaintiffs,<br><br>-against-<br><br>JOS. W. CURVINO, INC.,<br><br>Defendant. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1.  This is a civil action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent contributions to a group of employee benefit plans, and for related relief.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3.  Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

### THE PARTIES

4.  Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Trustees of the Local 7 Tile Industry Annuity Fund, and the Trustees of the Tile Layers Local Union 52 Pension Fund,

(collectively, the "Local ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Local ERISA Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Local ERISA Funds maintain their principal place of business at 45-34 Court Square, Long Island City, NY 11101.

5. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute (the "International ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The International ERISA Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International ERISA Funds maintain their principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

6. The Trustees of the Local 7 Tile Industry Welfare Fund (the "Local 7 Welfare Fund") is the designated collection agent for the Local 7 Tile Industry Retiree Welfare Fund, the Local 7 Tile Industry Vacation Fund, the Local 7 Tile Industry Supplemental Fund, the Local 7 Tile Industry Training Fund (collectively, the "Miscellaneous ERISA Funds"), which are multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Miscellaneous ERISA Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Miscellaneous ERISA Funds maintain their principal place of business at 45-34 Court Square, Long Island City, NY 11101.

7. The Local 7 Welfare Fund is also the designated collection agent for the Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union"), collecting voluntary dues check-offs from employers, at the direction of their union employees, for dues to the Union (the "Dues Check-Offs") and remittances to the Local 7 Tile Industry Political Action Committee ("Local P.A.C.") and to the Bricklayers and Allied Craftworkers Political Action Committee ("B.A.C. P.A.C.," together with the Local P.A.C. and Dues Check-Offs, the "Non-ERISA Funds"), as authorized under the applicable Union collective bargaining agreement.

8. The Local 7 Welfare Fund is also, under the applicable collective bargaining agreement, the designated collection agent for the Local 7 Tile Industry Defense Fund, the Local 7 Tile Industry Promotional Fund, and the Local 7 Tile Building Fund (the "Industry Funds," together with the Non-ERISA Funds, the Miscellaneous ERISA Funds, the International ERISA Funds, and the Local ERISA Funds, hereinafter referred to as, the "Funds").

9. All of these entities for which the Local 7 Welfare Fund acts as a collection agent are, and were at all relevant times, "labor organizations" within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185 and/or third-party beneficiaries to the applicable collective bargaining agreement, as all such entities, at all relevant times, represented and/or benefitted, in whole or in part, employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142.  They are all administered at 45-34 Court Square, Long Island City, NY 11101.

10. Defendant Jos. W. Curvino, Inc. is a corporation organized under the laws of the State of New Jersey.  At relevant times, Curvino Inc. was engaged in business as an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

**FACTS**

11. At all relevant times, Defendant was a party to, or manifested an intention to be bound by, a collective bargaining agreement ("CBA") with the Union.

12. The Union is a labor organization that represent employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142.

13. The CBA and the Funds' policies for the collection of benefit contributions (the "Collection Policy"), which are incorporated by reference in the CBA, require Defendant to remit benefit contributions to the Funds, including contributions to related entities for whom the Funds serve as collection agents, at hourly rates specified in the CBA for all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

14. Defendant is required to remit its contributions to the Funds on or before the 15th day of each month in amounts determined by multiplying specified hourly contribution rates by the number of hours that Defendant's employees performed Covered Work during the preceding calendar month. The resulting amount is hereinafter referred to as "Required Contributions."

15. To enable the Funds to administer this contribution requirement, Defendant was, and is, required to report to the Funds the number of hours of Covered Work performed by each of its employees during the preceding month ("Reported Hours").

16. Defendant failed to remit its Required Contributions for the entire months of December 2019 and January 2020, resulting in delinquent contributions of $236,093.64.

17. Defendant failed to remit contributions for 24 hours of Covered Work in November 2019, resulting in delinquent contributions of $883.44.

18. Defendant has failed to timely submit its Reported Hours for February 2020 and has, accordingly, not remitted any Required Contributions for February 2020.

19. In total, Defendant owes the Funds delinquent contributions in the amount of $236,977.08 for its Covered Work during the period of November 2019 through January 2020, plus any delinquent contributions arising from Defendant's unreported hours of Covered Work for February 2020, and any other delinquent contributions identified during this litigation.

20. Under the CBA and the Funds' Collection Policy, an employer, like Defendant, that fails to make prompt and timely payment of Required Contributions shall be subject to an interest charge at the rate of 10% per annum for delinquent contributions owed to the Local ERISA Funds, the Miscellaneous ERISA Funds, the Non-ERISA Funds, and the Industry Funds and at the rate of 15% per annum for delinquent contributions owed to the International ERISA Funds; liquidated damages in the amount of 20% of the amount of delinquent contributions owing; plus reasonable attorneys' fees, audit fees, and other costs incurred during collections procedures.

21. Under the CBA and the Funds' Collection Policy, the Funds are permitted to audit Defendant's books and records to ensure that its Reported Hours are correct and that it has paid all Required Contributions arising from its Covered Work.

## FIRST CLAIM FOR RELIEF
### (Violation of Section 301 of the LMRA)

22. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce labor contracts such as Defendant's CBA, which identifies the Funds as third-party beneficiaries.

24. Defendant is and has been at all relevant times bound by a CBA with the Union.

25. Defendant breached that CBA by failing to remit Required Contributions to the Funds from November 2019 through January 2020 in the principal amount of $236,977.08.

26. Defendant also breached the CBA by failing to submit its Reported Hours to the Funds from February 2020 through the Present and by failing to remit Required Contributions arising from its Covered Work during that time period.

27. Accordingly, under the CBA, the Funds' Collection Policy incorporated therein, and Section 301 of the LMRA, 29 U.S.C. § 185, Defendant is liable to the Funds for delinquent contributions from November 2019 through the Present in an amount to be determined at trial, including delinquent contributions of $236,977.08 in connection with Defendant's Covered Work performed from November 2019 through January 2020 and any other delinquent contributions identified during this lawsuit, plus interest thereon at the rate of 10% per annum for delinquent contributions owed to the Local ERISA Funds, the Miscellaneous ERISA Funds, the Non-ERISA Funds, and the Industry Funds and at the rate of 15% per annum for delinquent contributions owed to the International ERISA Funds; liquidated damages in the amount of 20% of the amount of delinquent contributions owing; plus audit costs and attorneys' fees and costs.

28. Moreover, Plaintiffs are entitled to an audit of Defendant's books and records to determine the amount of Required Contributions owed by Defendant arising from its Covered Work performed from February 1, 2020 through the Present.

## SECOND CLAIM FOR RELIEF
**(Violation of Section 515 of ERISA)**

29. Section 515 of ERISA provides, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a [CBA] shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

30. Under Section 502(g)(2) of ERISA, if an employer violates its obligations under Section 515 of ERISA, then the multiemployer benefit plan to which such an obligation is owed

is entitled to mandatory relief in the form of "the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of [either] interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . reasonable attorneys' fees and costs of the action, to be paid by the defendant, and such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2).

31. Defendant is and has been at all relevant times bound by a CBA with the Union.

32. Defendant breached that CBA by failing to remit Required Contributions to the Funds from November 2019 through January 2020 in the amount of $236,977.08.

33. Defendant also breached the CBA by failing to submit its Reported Hours to the Funds from February 2020 through the Present and by failing to remit Required Contributions arising from its Covered Work during that time period.

34. Accordingly, under sections 502(g)(2) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and 1145, the CBA, and the Funds' Collection Policy, Defendant is liable to the Funds for delinquent contributions from November 2019 through the Present in an amount to be determined at trial, including delinquent contributions of $236,977.08 in connection with Defendant's Covered Work performed from November 2019 through January 2020 and any other delinquent contributions identified during this lawsuit, plus interest thereon at the rate of 10% per annum for delinquent contributions owed to the Local ERISA Funds, the Miscellaneous ERISA Funds, the Non-ERISA Funds, and the Industry Funds and at the rate of 15% per annum for delinquent contributions owed to the International ERISA Funds; liquidated damages in the amount of 20% of the amount of delinquent contributions owing; plus reasonable attorneys' fees, audit fees, and other costs incurred during collections procedures.

35. Moreover, Plaintiffs are entitled the equitable relief of an audit of Defendant's books and records to determine the amount of Required Contributions owed by Defendant arising from its Covered Work performed from February 2020 through the Present.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

A. Award judgment to Plaintiffs against Defendant in an amount to be determined at trial of Defendant's delinquent contributions owed to the Funds from November 2019 through the Present, including delinquent contributions in the principal amount of $236,977.08 arising from Defendant's Covered Work performed in November 2019 through January 2020 and any other delinquent contributions identified during this lawsuit, plus interest thereon at the rate of 10% per annum for delinquent contributions owed to the Local ERISA Funds, the Miscellaneous ERISA Funds, the Non-ERISA Funds, and the Industry Funds and at the rate of 15% per annum for delinquent contributions owed to the International ERISA Funds; liquidated damages in the amount of 20% of the amount of delinquent contributions owing; plus reasonable attorneys' fees and costs, audit fees, and other costs.

B. Order Defendant to submit to an audit to determine its Required Contributions during the relevant period of this lawsuit.

C. Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
March 31, 2020                                         Respectfully submitted,

                                                       **VIRGINIA & AMBINDER, LLP**

                                                By:    _____/s/_____
                                                       John M. Harras, Esq.
                                                       40 Broad Street, Seventh Floor
                                                       New York, New York 10004
                                                       (212) 943-9080
                                                       jharras@vandallp.com
                                                       *Attorneys for Plaintiffs*